UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY E. MARSHALL,

    Plaintiff,

v.

WAYNE COUNTY and WAYNE
COUNTY DEPARTMENT OF
PUBLIC SERVICES,

    Defendants.

                          /

Case No. 2:19-cv-12515

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [7]

Plaintiff Jimmy E. Marshall filed the present civil rights complaint against Defendants Wayne County and the Wayne County Department of Public Services ("WCDPS"). ECF 1. And Defendants filed a motion to dismiss instead of an answer. ECF 7. The Court reviewed the briefs[1] and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the following reasons the Court will grant in part and deny in part the motion.

### BACKGROUND[2]

Plaintiff, a 58-year-old African American male, worked for Defendants as a Pump Station Mechanic from 1991 to 2018. ECF 1, PgID 4–5. He alleged that

---

[1] The Court encourages Plaintiff to consult Local Rule 5.1(a) and ensure that all future filings meet the appropriate formatting standards.

[2] Because the Court must view all facts in the light most favorable to the nonmoving party, *see Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008), the Court's recitation does not constitute a finding of fact.

1

Defendants suspended his employment from March 10, 2018, to March 14, 2018, because of "unsatisfactory performance and insubordination." *Id*. at 5. But, prior to the start of the suspension, Defendants had scheduled an Independent Medical Examination ("IME") for Plaintiff, for April 9, 2018. *Id*. When he returned from his suspension, Plaintiff was placed on "Administrative Leave" pending the results of the IME. *Id*. at 6.

The IME report stated that "Plaintiff possibly posed a 'risk of physical harm' to coworkers." *Id*. at 7. Additionally, "the IME conditioned Plaintiff's return to work under a set of onerous conditions including taking psychotropic medications, counseling sessions" and "testing." *Id*. at 8. Plaintiff also alleged that after Defendants received the IME report, they "began discussing procedures to place [him] on disability leave and retirement." *Id*. Then, without Plaintiff's consent, Defendants "prepared forms for Family Medical Leave for [] Plaintiff." *Id*. at 9. Plaintiff remained on leave under the Family Medical Leave Act ("FMLA") until June 22, 2018, when he was informed that he had used all his FMLA time. *Id*. at 10. Ultimately, Plaintiff decided to retire prematurely after facing the possibility of not returning to work. *Id*.

Plaintiff then filed the current action, and alleged that he was "subjected to unequal treatment based on his race[,]" that he was treated differently than his white coworkers, and that Defendants' white employees broke into his locker, threw out his food from the communal refrigerator, and left "debris and dirt in work areas" that he had to clean up. *Id*. at 10–11. He then alleged that Defendants' employees and a supervisor demeaned and intimidated him "because of his race," and his supervisor

2

falsified his timecard and prevented him from receiving overtime pay. *Id*. at 11. As a result, he brought nine claims against Defendants: (1) violation of the Civil Rights Act of 1964, 1991 based on race discrimination; (2) violation of the Civil Rights Act of 1991 based on the right to contract; (3) a Fourteenth Amendment substantive and procedural due process claim based on 42 U.S.C. § 1983; (4) a Fourteenth Amendment equal protection claim based on 42 U.S.C. § 1983; (5) violation of the Age Discrimination in Employment Act, 28 U.S.C. § 621, et seq.; (6) violation of the Family Medical Leave Act, 29 U.S.C. § 2611, et seq.; (7) violation of the Americans With Disabilities Act, 42 U.S.C. § 1211, et seq.; (8) common law negligence/ gross negligence; and (9) common law conspiracy. ECF 1, PgID 11–23. Defendants' motion to dismiss is largely predicated on arguments that each of Plaintiff's claims fail as a matter of law because they were either improperly pleaded or lack a legal basis.

## LEGAL STANDARD

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett*, 528 F.3d at 430. But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law,

3

regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

Plaintiff alleged nine claims against Defendant. The Court will address each claim in turn.

I. <u>Proper Defendants</u>

To begin, Plaintiff sued Wayne County and the WCDPS. ECF 1. But the WCDPS "is merely a department within the jurisdictional authority of Wayne County, and as such, is not legally separate from the county. M.C.L. § 45.501, et seq. Since a charter county is a body corporate capable of being sued, M.C.L. § 45.501, Wayne County is a proper defendant, but the [WCDPS] is not." *Sumner v. Wayne Cnty*, 94 F. Supp. 2d 822, 827 (E.D. Mich. 2000); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a county department is not a proper defendant). Because WCDPS is not a separate entity subject to suit, the Court will dismiss all claims against it.[3]

II. <u>Race Discrimination</u>

Title VII of the Civil Rights Act of 1964 "prohibits discrimination in employment on the basis of race. . . ." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009). First, Plaintiff claimed that Defendant violated Title VII "by refusing to investigate and remedy incidents of harassment by white coworkers including

---

[3] Because Wayne County is the only remaining Defendant, the Court will refer to the County as "Defendant" for the remainder of this order.

4

[breaking] into Plaintiff's locker, stealing and dumping Plaintiff's meals left in a workplace refrigerator, [and] manipulating the [overtime] records to deny Plaintiff his opportunity to earn said hours in favor of white coworkers." ECF 1, PgID 12. He also alleged that Defendant forced him to retire, suspended him, treated him differently, discriminated against him by requiring him to undergo a psychiatric evaluation before returning to work, forcing him to use his FMLA leave, and "imposing arbitrary and stringent conditions for Plaintiff's return to work" all because of his race. *Id.*

But before Plaintiff can bring a discrimination claim under Title VII, he must comply with certain procedural requirements. Specifically, he must timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The general deadline to file the charge is 180 days "after the alleged unlawful employment practice occurred," 42 U.S.C. § 2000e-5(e)(1), but because Michigan participates in a work-sharing arrangement with the EEOC, the deadline for filing is 300 days after the conduct, *Schoneboom v. Michigan*, 28 F. App'x 504, 505 (6th Cir. 2002) (citations omitted). In any event, if the EEOC chooses not to take further action, it notifies the employee of a decision and the employee has 90 days from the decision date to sue. 42 U.S.C. § 2000e-5(e)(1). And "a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) (citations omitted).

5

Plaintiff's EEOC charge[4] alleged that he was treated differently than his white coworkers and that he was forced to retire because of his race. ECF 7-9, PgID 93. The EEOC charge did not, however, allege that Plaintiff's coworkers harassed him or that his overtime records were unfairly adjusted. And because Plaintiff did not bring the hostile work environment claims in his EEOC charge, he is barred from bringing them in the present lawsuit. *See Younis*, 610 F.3d at 361. The Court must therefore dismiss Plaintiff's Title VII claim as it relates to harassment and his overtime records for failure to exhaust his administrative remedies.

This leaves only one of Plaintiff's race discrimination allegations still viable: Plaintiff was treated differently than similarly situated white coworkers. To survive a motion to dismiss, the complaint "must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that Defendant discriminated against Plaintiff because of his race. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Generic "recitations of the elements [of a claim] unenhanced by specific facts" cannot survive a motion to dismiss. *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446, 448 (6th Cir. 2018).

Plaintiff's only "specific" factual assertion was that Defendants suspended him for "failing to complete certain procedures that had similarly been committed by

---

[4] Documents attached to Defendant's motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) Here, the Court may consider the EEOC charge letter because "it is central to his discrimination claim." *Id.* at 503.

6

white coworkers who were not disciplined." ECF 1, PgID 10. The allegation allows the Court to conclude that Plaintiff adequately plead that he was treated differently from his white coworkers. *See, e.g.*, *Keys*, 684 F.3d at 610 (holding that allegations of specific events showing that Plaintiff was treated differently satisfy the pleading standard). Plaintiff's claim of improper suspension therefore satisfies the pleading requirement.

For the remaining racial discrimination claims, Plaintiff pleaded "his own race and gender, and allege[d] that, as a result of his race and gender," *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 626–27 (6th Cir. 2013), Defendant forced him to undergo a medical evaluation and use his FMLA time; imposed arbitrary and stringent conditions for him to return to work; and constructively terminated him, ECF 1, PgID 12. But Plaintiff "allege[d] no set of facts, beyond these bare and conclusory assertions, from which a reasonable person could infer how his race . . . factored into" Defendant's actions. *Sam Han*, 541 F. App'x at 627. Plaintiff concluded "that he was treated less-favorably than non-[African]-American employees . . . but he has offered no specifics regarding who those employees were or how they were treated differently." *Id*. The Court will therefore dismiss Plaintiff's Title VII race discrimination claim as it relates to all scenarios except his properly plead suspension claim.

III.   42 U.S.C. § 1981

Next, Plaintiff alleged that Defendant violated 42 U.S.C. § 1981 by discriminating against him and preventing him from making and enforcing a

7

contract. ECF 1, PgID 13. But the Sixth Circuit has established that "no independent cause of action against municipalities is created by [42 U.S.C.] § 1981(c)." *Arendale v. City of Memphis*, 519 F.3d 587, 599 (6th Cir. 2008). Rather, "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for the violation of the rights guaranteed in § 1981 by state governmental units." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989). Plaintiff therefore cannot bring a 42 U.S.C. § 1981 action against Defendant because it is a municipality, so the claim must fail as a matter of law.

IV.     42 U.S.C. § 1983

Plaintiff alleged two claims under 42 U.S.C. § 1983 that stemmed from alleged Fourteenth Amendment due process and equal protection violations. ECF 1, PgID 14–17. "A plaintiff can bring a claim under § 1983 when []he is deprived of any rights, privileges, or immunities secured by the Constitution and laws as a result of any statute, ordinance, regulation, custom, or usage, of any state." *Doe v. Claiborn Cnty.*, 103 F.3d 495, 505 (6th Cir. 1996) (internal citations omitted). But a municipality "may not be sued . . . for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, liability is created "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts [] injury[.]" *Id.* And customs that give rise to 42 U.S.C. § 1983 claims need not actively deprive Plaintiff of his constitutional rights, but may include customs of "inaction," in which the municipality "habitually" allowed unconstitutional conduct to go

8

unchecked. *D'Ambrosio v. Marion*, 747 F.3d 378, 387 (6th Cir. 2014). Thus, the "first inquiry in any case alleging municipal liability under § 1983 is . . . whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

The response brief clarified that Plaintiff alleged Defendant's "lawful disciplinary policy was not followed." ECF 13, PgID 171. But Plaintiff never alleged that Defendant, "as an official policymaking body, had a 'custom' that reflected a deliberate, intentional" practice of discrimination based on race. *Doe*, 103 F.3d at 508. And Plaintiff did not allege "a clear and persistent pattern of unconstitutional conduct by municipal employees," which is required for a successful "inaction" claim. *D'Ambrosio*, 747 F.3d at 387 (quotations omitted). Plaintiff merely alleged that he was subject to unconstitutional conduct, not the victim of "a pattern of similar discriminatory or retaliatory activity in other cases." *Abdulsalaam v. Franklin Cnty. Bd. of Comm'rs*, 637 F. Supp. 2d 561, 577 (S.D. Ohio 2009). Because Plaintiff did not produce any evidence that other employees complained about or experienced the same kind of unconstitutional treatment or that there was a pattern of similar discrimination, the Court must dismiss his 42 U.S.C. § 1983 claims.[5]

---

[5] Plaintiff's response brief claimed that he "is advancing a claim of violation of his due process rights, more commonly lodged against individual defendants" and that he "will seek leave to amend his complaint to name [his] supervisors." ECF 13, PgID 172. The Court will not take the potential amendment into consideration as it must only consider the allegations in the complaint. *See* Fed. R. Civ. P. 12(d).

9

V.       <u>Age Discrimination</u>

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer to discharge or discriminate against an individual "with respect to his compensation, terms, conditions, or privileges of employment because of his age[.]" 29 U.S.C. § 623(a)(1). A plaintiff can prove discrimination under the ADEA either through direct or circumstantial evidence. *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). Direct evidence means evidence that "if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). Circumstantial evidence is "proof that does not on its face establish discriminatory animus, but does allow a factfinder to draw a reasonable inference that discrimination occurred." *Wexler*, 317 F.3d at 570. If using "direct and circumstantial evidence, the burden of persuasion remains on [the] [P]laintiff to demonstrate 'that age was the but-for cause of [his] employer's adverse action." *Geiger v. Tower Auto.,* 579 F.3d 614, 620 (6th Cir. 2009) (quoting *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 178, n.4 (2009)).

Plaintiff did not plead any direct evidence of age discrimination, and his response brief concedes as much. ECF 13, PgID 181–82. The Court will therefore analyze the age discrimination claim using a circumstantial evidence standard. Proof of a claim by circumstantial evidence requires Plaintiff to first make a prima facie showing of discrimination. *See Geiger*, 579 F.3d at 622. To prove a prima-facie case of age discrimination, Plaintiff must show that: "(1) []he was over 40 years old; (2) []he

10

suffered from an adverse employment action; (3) []he was qualified for the position []he held; and (4) []he was either replaced by a person outside the protected class or treated differently than similarly-situated individuals." *Laws v. HealthSouth N. Ky. Rehab. Hosp. Ltd. P'ship*, 508 F. App'x 404, 410–11 (6th Cir. 2012) (*citing Policastro v. Nw Airlines, Inc.*, 297 F.3d 535, 538–39 (6th Cir. 2002)). Plaintiff sufficiently pleaded facts to establish the first three requirements: he was over 40 years old (he was 58 at the time of his termination), he was subjected to an adverse employment decision (he was constructively terminated), and he was qualified to perform the job he held. ECF 1, PgID 18.

But Plaintiff inadequately pleaded the fourth factor. An allegation is insufficient when it "fail[s] to plead any 'facts regarding the names, relative ages, or qualifications' of the younger employees who allegedly assumed [Plaintiff's] job duties, or to provide examples of how those employees were treated more favorably." *Smith v. Wrigley Mfg. Co., LLC,* 749 F. App'x 446, 448 (6th Cir. 2018) (quoting *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 464 (6th Cir. 2015)). Plaintiff only alleged that "a much younger individual who was not similarly qualified" replaced him. ECF 1 PgID 18. Because Plaintiff failed to plead specifics about the name, age, or qualifications of the employee who replaced him, Plaintiff cannot establish a prima facie case of age discrimination, and the Court will dismiss his ADEA claim.

VI.     FMLA Violation

Plaintiff alleged that Defendant violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, et seq. when it forced him "to use FMLA leave" without

11

his request and without a "medical certification that FMLA leave was needed." ECF 1, PgID 19. But a FMLA "claim ripens only when and if the employee seeks FMLA leave at a later date, and such leave is not available because the employee was wrongfully forced to use FMLA leave in the past." *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 449 (6th Cir. 2007). Plaintiff did not allege that he tried to use FMLA leave at a later date or that he was unable to take FMLA leave later because it was unavailable. His FMLA claim is therefore unripe and must be dismissed.

VI.     Americans with Disabilities Act Claim

To establish a claim under the Americans with Disability Act ("ADA"), Plaintiff "must plead facts that make plausible the inference that (1) []he is disabled, (2) []he is qualified to perform [his] job requirements with or without reasonable accommodations, and (3) []he would not have been discharged but for the disability." *Darby v. Childvine, Inc.* 964 F.3d 440, 444–45 (6th Cir. 2020) (collecting cases). Plaintiff alleged that he was "a qualified individual within the meaning of the" ADA, and that he was qualified "to perform and did perform the essential functions of his job for 27 years." ECF 1 PgID 20. But Plaintiff did not allege that Defendant discharged him because of his disability.

The complaint voluminously alleged that Defendant conspired with Dr. Ager—the doctor who evaluated Plaintiff—to prevent Plaintiff from returning to work. ECF 1, PgID 7–9. Plaintiff alleged that "the IME Report's conclusions [were] basically pre-agreed answers to conclusory and biased questions provided by the Defendants[,]" that Dr. Ager answered the questions posed by Defendant "in the affirmative without

12

performing the necessary objective testing and thus providing Defendants with a pre-textual reason to unlawfully prevent Plaintiff from returning to his employment[,]" and that the IME examination "was part of the plan to force [] Plaintiff from his lawful employment." *Id*. at 8–9. Essentially, Plaintiff alleged that Defendant tried to terminate his employment for some unknown reason, not because of his disability. Because Plaintiff did not plead facts to plausibly establish that Defendant fired him because of his disability the Court will dismiss his ADA claim.

VIII. <u>State Law Tort Claims</u>

Finally, Plaintiff alleged state law claims of negligence, gross negligence, and conspiracy. ECF 1, PgID 21–23. But Michigan law provides for immunity from tort claims for government agencies. *See EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 350–51 (6th Cir. 2008) (citing Mich. Comp. Laws § 691.1407(1)). And "the term 'governmental agency' includes counties." *HRSS, Inc. v. Wayne Cnty. Treasurer*, 279 F. Supp. 2d 846, 851 (E.D. Mich. 2003) (quoting Mich. Comp. Laws § 691.1407(5)). In Michigan "[a] governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." *Mack v. City of Detroit*, 467 Mich. 186, 197–98 (2002) (citing Mich. Comp. Laws § 691.1407(1)); *see also EBI-Detroit, Inc.*, 279 F. App'x at 351 (holding that the Detroit Water and Sewer Department and the City of Detroit were immune from tort claims because "[a]ll Michigan cases agree that government agencies are immune from liability for intentional torts"). W if Plaintiff wants to avoid governmental immunity, he must plead specific facts for why it does not apply. *See Chambers v. City of Detroit*, 786 F.

13

Supp. 2d 1253, 1271 (E.D. Mich. 2011) (citing *Mack*, 467 Mich. at 204). Plaintiff, however, did not plead any facts for why governmental immunity should not apply, and the Court must dismiss the common law tort claims against Defendant.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to dismiss [7] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant Wayne County Department of Public Services is **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss [7] is **DENIED** as to Plaintiff's Title VII racial discrimination claims relating to his suspension.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII claims unrelated to his suspension are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining non-Title VII suspension claims are **DISMISSED**.

This is not a final order and does not close the case.

**SO ORDERED.**

Dated: September 11, 2020

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 11, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager