UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY E. MARSHALL,

    Plaintiff,

v.

WAYNE COUNTY and WAYNE
COUNTY DEPARTMENT OF
PUBLIC SERVICES,

    Defendants.

Case No. 2:19-cv-12515

HONORABLE STEPHEN J. MURPHY, III

/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO DISMISS [35]**

Plaintiff Jimmy E. Marshall sued Defendants Wayne County and the Wayne County Department of Public Services for civil rights violations. ECF 1. Plaintiff alleged nine claims against Defendants. *Id.* at 11–23. The Court granted in part and denied in part Defendants' motion to dismiss; the only claim that remained was the Title VII race discrimination claim against Wayne County that related to a five-day suspension. ECF 17, PgID 243. The Court later ordered the parties to mediate with retired Judge Richard Hathaway. ECF 22.

After the mediation failed, Plaintiff moved to amend the complaint and added Duane Rosseau and Roshanda Brooks as Defendants. ECF 23. The Court granted the motion. ECF 30. The amended complaint alleged a Title VII claim, an Americans with Disabilities Act ("ADA") claim, a set of 42 U.S.C. § 1983 equal protection and due process claims, and a § 1983 civil conspiracy claim. ECF 31. Defendants later moved

1

to dismiss, under Federal Rule of Civil Procedure 12(b)(6), all claims except the one that involved the five-day suspension under Title VII. ECF 35. The Court has reviewed the briefs and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the following reasons, the Court will grant in part and deny in part the motion to dismiss.

## BACKGROUND

In the interest of judicial economy, the Court adopts the background section in the Court's prior order. ECF 17, PgID 230–32.

## LEGAL STANDARD

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). In reviewing a Rule 12(b)(6) motion, the Court "may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Id.*

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of

2

law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

The Court will first address whether to dismiss the ADA claim. After, the Court will address the § 1983 civil conspiracy claim followed by the § 1983 due process and equal protection claims. Last, the Court will address the Title VII claim.

I.  ADA Claim

To establish an ADA claim, a plaintiff "must plead facts that make plausible the inference that (1) []he is disabled, (2) []he is qualified to perform [his] job requirements with or without reasonable accommodation, and (3) []he would not have been discharged but for the disability." *Darby v. Childvine, Inc.* 964 F.3d 440, 444–45 (6th Cir. 2020) (collecting cases). The Court dismissed the first ADA claim because "Plaintiff alleged that [Wayne County] tried to terminate his employment for some unknown reason, not because of his disability." ECF 17, PgID 242. The amended complaint sought to correct the deficiency with the allegation that Wayne County "unlawfully discharged Plaintiff because of his disability." ECF 31, PgID 429.

Defendants reasoned that the Court should dismiss the claim because Plaintiff is not a qualified individual under the ADA. ECF 35, PgID 451. In particular,

Plaintiff's personal physician certified in an FMLA request form that a psychiatrist instructed Plaintiff to not work. ECF 37-3, PgID 619.[1]

Based on the form's contents, Plaintiff is not a qualified individual under the ADA. Only qualified individuals are protected under the ADA. 42 U.S.C. § 12112(a). A "qualified individual" is one who can perform the essential functions of his job, with or without reasonable accommodation. 42 U.S.C. § 12111(8). "The Sixth Circuit has repeatedly held that if a claimant's own doctor restricts the employee from an essential job function, the claimant is not a qualified individual under the ADA." *Frazier v. Southwire Co.*, No. 4:14-CV-00125, 2016 WL 2869792, *2 (W.D. Ky. May 16, 2016) (citing *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 988 (6th Cir. 2011)). Plaintiff's personal physician certified that a psychiatrist instructed Plaintiff to take off work until cleared by the psychiatrist to work. ECF 37-3, PgID 619–20. Because Plaintiff's psychiatrist instructed him to take off work, Plaintiff is not an ADA qualified individual. As a result, the Court will dismiss the ADA claim.

II.   Conspiracy Claim

In the amended complaint, Plaintiff re-alleged the § 1983 civil conspiracy claim. ECF 31, PgID 429–31. Plaintiff also named two Defendants (Duane Rosseau and Roshanda Brooks) as alleged co-conspirators. *Id*. Plaintiff alleged that

---

[1] Plaintiff's FMLA form is part of the record. ECF 16 (under seal); *see also* ECF 37-3. The amended complaint referenced the FMLA form several times. ECF 31, PgID 422. Because the references to the form are central to Plaintiff's FMLA claim, the Court will consider the form to resolve the motion to dismiss. *See Bassett*, 528 F.3d at 430.

Defendants Rosseau and Brooks conspired with Dr. Harvey Ager to terminate Plaintiff's employment. *Id.* at 415–16.

"A civil conspiracy under § 1983 is 'an agreement between two or more persons to injure another by unlawful action.'" *Marvaso v. Sanchez*, 971 F.3d 599, 606 (6th Cir. 2020) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). To state a § 1983 civil conspiracy claim, a plaintiff must "allege facts that, when accepted as true, would allow a juror to find that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy." *Id.* at 606 (internal quotation marks omitted).

Defendants argued that the conspiracy claim is barred by the intracorporate conspiracy doctrine. ECF 35, PgID 456. "[T]he intracorporate conspiracy doctrine, which provides that members of the same legal entity acting within the scope of their employment cannot form a conspiracy as two separate 'people,' applies to claims brought under § 1983." *Marvaso*, 971 F.3d at 607. The intracorporate conspiracy doctrine would indeed bar Plaintiff's conspiracy claim between Defendants Rosseau and Brooks because both were Wayne County employees when the alleged conspiracy occurred.

But Plaintiff also alleged that Dr. Ager—a non-employee—joined the conspiracy. ECF 31, PgID 421–22. And because the intracorporate conspiracy doctrine applies only to conspiracies involving members of the same legal entity, the doctrine does not bar the conspiracy claim alleged here. *See Marvaso*, 971 F.3d at 607

5

(holding that the intracorporate conspiracy doctrine did not bar plaintiff's claim because a retired official allegedly participated in the conspiracy).

In any event, the conspiracy claim is barred for a different reason. "[I]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Id.* at 606. The "pleading standard is 'relatively strict.'" *Heyne v. Metro. Nashville Pub. Sch.,* 655 F.3d 556, 563 (6th Cir. 2011) (quoting *Fieger v. Cox,* 524 F.3d 770, 776 (6th Cir. 2008)). Plaintiff alleged that Defendants Rosseau and Brooks, along with Dr. Ager, "devised a scheme to illegally terminate Plaintiff's employment." ECF 31, PgID 430. Plaintiff specifically claimed that Defendants Rosseau and Brooks conspired with Dr. Ager to "arrive at a predetermined result in violation of Plaintiff's rights as a disabled individual under the [ADA]." *Id.* Even if those allegations were true, there would be "no evidence from which to infer that the defendants acted in concert in so doing." *Spadafore v. Gardner,* 330 F.3d 849, 854 (6th Cir. 2003). And allegations supported by material evidence are required to sustain a claim of civil conspiracy.

Although Plaintiff alleged a "scheme" existed between Defendant Rosseau, Defendant Brooks, and Dr. Ager, ECF 31, PgID 430, the allegations do not "suggest[] that the defendants had a single plan" to falsify an independent medical evaluation. *Spadafore*, 330 F.3d at 854. Instead, Plaintiff merely asserted legal conclusions—not factual allegations—to claim that "[t]he acts engaged in by Harvey Ager and [] Defendants constitute prima facie conspiracy." ECF 31, PgID 430. And the Court

6

cannot accept the legal conclusions as true. *Iqbal*, 556 U.S. at 678; *see also Smith v. Wrigley Mfg. Co.*, 749 F. App'x 446, 448 (6th Cir. 2018) (Generic "recitations of the elements [of a claim] unenhanced by specific facts" cannot survive a motion to dismiss.). In the end, Plaintiff failed to state a § 1983 claim for civil conspiracy. The Court will therefore dismiss the conspiracy claim against Defendants Rosseau and Brooks.

III. <u>Due Process and Equal Protection Claim</u>

In the amended complaint, Plaintiff re-alleged § 1983 claims against Wayne County for due process and equal protection violations. ECF 31, PgID 426–28. Plaintiff also sought to hold Defendants Rosseau and Brooks liable in their official capacities and individually. *Id.* at 415–16. The Court will address the due process and equal protection claims against Defendants in turn.

A. *Wayne County*

"A plaintiff can bring a claim under [§] 1983 when []he is deprived of any rights, privileges, or immunities secured by the Constitution and laws as a result of any statute, ordinance, regulation, custom, or usage, of any State." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 505 (6th Cir. 1996) (internal quotation marks omitted). But a municipality "may not be sued . . . for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, liability attaches "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts [] injury[.]" *Id.* And customs that give rise to § 1983 claims need not

7

actively deprive Plaintiff of his constitutional rights, but may include customs of "inaction," in which the municipality "habitually" allowed unconstitutional conduct to go unchecked. *D'Ambrosio v. Marino*, 747 F.3d 378, 387 (6th Cir. 2014). Thus, the "first inquiry in any case alleging municipal liability under § 1983 is . . . whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

In short, the Court will dismiss Plaintiff's re-alleged § 1983 claim against Wayne County for the same reason it already dismissed the claim. The Court dismissed the initial § 1983 claim because Plaintiff failed to allege that Wayne County acted "as an official policymaking body, [or] had a 'custom' that reflected a deliberate, intentional" racial discrimination practice. ECF 17, PgID 238 (internal quotations omitted). Instead, "Plaintiff merely alleged that he was subject to unconstitutional conduct, not the victim of a pattern of similar discriminatory or retaliatory activity in other cases." *Id*. (quotation omitted). "Because Plaintiff did not produce any evidence that other employees complained about or experienced the same kind of unconstitutional treatment or that there was a pattern of similar discrimination," the § 1983 claim failed against Wayne County. *Id*.

In the amended complaint, Plaintiff tried to remedy the deficiencies with allegations that Wayne County's "actions were part of the continuing pattern of willful and intentional conduct" meant to deprive Plaintiff of his constitutionally protected property interest. ECF 31, PgID 427. Despite the allegations, the amended complaint failed to allege facts that support a discriminatory *pattern* of conduct.

8

Admittedly, the complaint mentioned events that occurred "[o]n or about March 10, 2018" to support a pattern of discrimination. *Id*. at 426. Plaintiff claimed that on March 10, Defendant Rosseau suspended Plaintiff without "proper notice and the right to contest the proposed discipline." *Id*. Plaintiff also alleged that Defendant Rosseau forced Plaintiff "to attend a psychiatrist examination without any documented proof of Plaintiff's inability to perform the essential functions of his job" and conditioned Plaintiff's return to work on "counseling and taking psychotropic medication." *Id*. On the same day, Defendant Rosseau also allegedly refused to "investigate and impose discipline on Caucasian coworkers" who had harassed Plaintiff. *Id*. But the fact that the events allegedly occurred on a single day cuts against finding a pattern of discrimination. *See D'Ambrosio*, 747 F.3d at 387 (Alleging "a clear and persistent pattern of unconstitutional conduct by municipal employees," is required for a successful "inaction" claim.) (internal quotation marks omitted).

What is more, the amended complaint failed to allege that other employees experienced or complained of similar discriminatory behavior by Defendants. *See Abdulsalaam v. Franklin Cnty. Bd. of Comm'rs*, 637 F. Supp. 2d 561, 577 (S.D. Ohio 2009) (explaining that a plaintiff must show they were the victim of "a pattern of similar discriminatory or retaliatory activity in other cases"); *see generally* ECF 31. Without evidence that other employees experienced similar discrimination, Plaintiff's allegations against Wayne County fail because they do not show a deliberate discriminatory practice.

9

In sum, the Court noted in the first dismissal, that "generic recitations of the elements [of a claim] unenhanced by specific facts cannot survive a motion to dismiss." ECF 17, PgID 235 (internal quotations omitted). The amended complaint is much like the original complaint because both fail to allege specific facts that show other employees experienced similar discriminatory treatment or that a pattern of discriminatory behavior existed. The Court will therefore dismiss the § 1983 claim against Wayne County for the same reasons outlined in the original dismissal.

B. *Defendants Rosseau and Brooks*

Plaintiff also asserted claims against Defendants Rosseau and Brooks. ECF 31, PgID 415–16. Plaintiff sought to hold each liable for § 1983 violations in their official and individual capacities. *Id.* at 416. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell,* 436 U.S. at 690, n.55. In contrast, individual capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). When the government entity receives proper notice and is given an opportunity to respond, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166 (citation omitted). In such a case, "the real party in interest is the entity." *Id.* Thus, "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Id.* The Court will treat the official capacity claims against Defendants Rosseau and Brooks as claims

10

against the entity—Wayne County. And for the reasons already discussed, the Court will dismiss the official capacity claims against Defendants Rosseau and Brooks.

For the individual capacity claims, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Heyerman v. Cnty. of Calhoun,* 680 F.3d 642, 647 (6th Cir. 2012) (quoting *Sigley v. City of Parma Heights,* 437 F.3d 527, 533 (6th Cir. 2006)).

The Court will dismiss the personal capacity claims against Defendant Brooks. Plaintiff alleged that Defendant Brooks violated his due process and equal protection rights. ECF 37, PgID 610. In the amended complaint, Plaintiff alleged Defendant Brooks "arbitrarily and without Plaintiff's consent prepared forms for [FMLA] [l]eave for [] Plaintiff" and that she "altered" the wording on the form. ECF 31, PgID 422. Plaintiff alleged no other conduct by Defendant Brooks. *See generally* ECF 31.

The allegations fail to show an equal protection claim because Plaintiff has not shown that Defendant Brooks treated Plaintiff differently from any other employee. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 438 (6th Cir. 2012) ("The Equal Protection Clause of the Fourteenth Amendment 'protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights.'") (quoting *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006)).

The allegations also fail to show a due process claim against Defendant Brooks. "To establish a procedural due process violation, Plaintiff[] must show (1) that [he

11

was] deprived of a cognizable liberty interest, and (2) that such deprivation occurred without adequate procedural protections." *Schulkers v. Kammer*, 955 F.3d 520, 545 (6th Cir. 2020) (citations omitted). Plaintiff identified the liberty interest as "including a proper and fair hearing of his arbitrary imposition of discipline, refusal to investigate complaints of racial harassment, depriving Plaintiff of the right to work." ECF 31, PgID 427. Simply put, Defendant Brooks was only alleged as the person who created the FMLA paperwork—not as the person who deprived Plaintiff of his constitutional rights. *Id.* at 422. Rather, Plaintiff alleged that Defendant Rosseau was the one who deprived Plaintiff of his right to work by not providing proper procedural protections. *Id.* at 427. The Court will therefore dismiss the § 1983 claims against Defendant Brooks.

As for Defendant Rosseau, the Court will not dismiss the § 1983 personal capacity claims that relate to the alleged suspension. Plaintiff alleged that Defendant Rosseau "arbitrarily suspended Plaintiff for a work infraction without providing Plaintiff with proper notice and the right to contest the proposed discipline, deliberately and intentionally depriving Plaintiff of the right to the disciplinary step process that included a verbal warning and a written warning before a suspension." ECF 31, PgID 426. Plaintiff claimed that Defendant Rosseau suspended him for "failing to complete certain procedures [that] similarly [had] been committed by Plaintiff's Caucasian co-worker." *Id.* at 423. And Plaintiff alleged that Defendant Rosseau's conduct violated his due process and equal protection rights. *Id.* at 426. Because Plaintiff pleaded facts that alleged different treatment based on race,

12

Plaintiff adequately pleaded the personal capacity claim for an equal protection violation against Defendant Rosseau as the claim relates to the suspension. *See Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000) ("[P]laintiff must set forth the following elements: '1) he was a member of a protected class; 2) he was subject to an adverse employment action; 3) he was qualified for the job; and 4) for the same or similar conduct, he was treated differently from similarly situated non-minority employees.'") (quotation omitted). Likewise, Plaintiff adequately pleaded the personal capacity claim for a due process violation against defendant Rosseau as it relates to the suspension. *See Schulkers*, 955 F.3d at 545. Thus, the Court will not dismiss the personal capacity § 1983 claims against Defendant Rosseau as it relates to the suspension.

That said, the Court will dismiss the remaining personal capacity claims against Defendant Rosseau. First, Plaintiff alleged that Defendant Rosseau "forced [Plaintiff] to attend a psychiatrist examination without any documented proof of Plaintiff's inability to perform the essential functions of his job" and "placed onerous and impossible conditions for Plaintiff to return to work including counseling and taking psychotropic medications without any documented evidence of Plaintiff's inability to perform the essential functions of his job." ECF 31, PgID 426. But as discussed earlier, Plaintiff's inability to perform the essential functions of his job was documented. ECF 37-3, PgID 619 (Plaintiff's FMLA request form contained certifications from Plaintiff's personal physician that Plaintiff could not perform the essential functions of his job). And because the FMLA form plainly contradicts the

13

allegations in the amended complaint, the Court will dismiss the personal capacity claim against Defendant Rosseau as related to the medical exam and conditions for Plaintiff's return to work.

Second, Plaintiff claimed that Defendant Rosseau refused "to investigate and impose discipline on Caucasian [co-workers] of Plaintiff who were" harassing Plaintiff. ECF 31, PgID 426. But Plaintiff failed to specifically allege which constitutional right was violated because of the alleged conduct. *See id.* at 426–28. Without an allegation that Defendant Rosseau violated a constitutional right, the Court will dismiss the § 1983 personal capacity claim as it relates to the matter.

All told, the Court will not dismiss the personal capacity § 1983 claim against Defendant Rosseau as related to the suspension. But the Court will dismiss the remaining § 1983 claims against all Defendants.

IV. Title VII Claim

The Court dismissed all Title VII claims except for claims related to the five-day suspension. ECF 17, PgID 233–36. The Court dismissed the claims because Plaintiff failed to either exhaust his administrative remedies, *id.* at 235, or plead enough facts to support the claims, *id.* at 236. Defendants alleged that the amended complaint improperly pleaded Title VII claims against the individual Defendants. ECF 35, PgID 457–58. But Plaintiff clarified that the Title VII claim is only against Wayne County. ECF 37, PgID 610. The Court will therefore construe the Title VII claim as a claim against Wayne County as it relates to the five-day suspension.

14

Defendants did not move to dismiss the Title VII claim against Wayne County as it relates to the five-day suspension. ECF 35, PgID 447.

V. Conclusion

In sum, the Court will grant in part and deny in part the present motion to dismiss. Only two claims remain: (1) the § 1983 personal capacity claims for due process and equal protection violations against Defendant Rosseau as the claims relate to Plaintiff's suspension, and (2) the Title VII claim against Wayne County as it relates to the five-day suspension.

Because the case has lasted for more than two years, the parties do not need much more time for discovery. The Court will therefore set the discovery deadline for December 31, 2021 and the dispositive motions deadline for January 28, 2022. The Court will require the parties to reattend mediation with Judge Hathaway no later than March 15, 2022. The parties may schedule the mediation for any time convenient for themselves and Judge Hathaway before March 15, 2022. The Court will not amend the scheduling order anymore.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [35] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the discovery deadline is **EXTENDED** until **December 31, 2021**. The dispositive motions deadline is **EXTENDED** until **January 28, 2022**.

**IT IS FURTHER ORDERED** that the parties are **REFERRED** to retired Judge Richard Hathaway for mediation and settlement discussions, and the parties must **PROCEED** in compliance with Local Rule 16.4. The mediation and settlement discussions must **OCCUR no later than March 15, 2022**. The parties must **CONTACT** Judge Hathaway and provide him with a copy of this order as soon as practicable and **NOTIFY** the Court of the date of the mediation session once it is scheduled.

**IT IS FURTHER ORDERED** that Judge Hathaway must **NOTIFY** the Court within seven days of completion of mediation, "stating only the date of completion, who participated, whether settlement was reached, and whether further [alternative dispute resolution] proceedings are contemplated." E.D. Mich. L.R. 16.4(e)(6). If a settlement is reached, the parties must **NOTIFY** the Court right after completion of mediation and **SUBMIT** a proposed order of dismissal within 21 days. *Id.* at 16.4(e)(7). If a settlement is not reached, the parties must **NOTIFY** the Court within seven days of the completion of mediation.

**SO ORDERED.**

                                                  s/ Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: October 26, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2021, by electronic and/or ordinary mail.

                                                  s/ David P. Parker
                                                  Case Manager